UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action Number:

\#_____

---

Ruben Alberto, pro se
**PLAINTIFF**

VS

Massachusetts Department of
Correction; Doctor Fredrickson;
and Brockton Hospital
**DEFENDANTS.**

**CIVIL ACTION COMPLAINT
WITH JURY DEMAND**

05-10799 JLT

Referred to MJ Leo B Sorokin

---

### I. PRELIMINAY STATEMENT:

This is a § 1983 (Title 42 U.S.C.A.) ET Seq. Civil Action Complaint filed by a state prisoner within the Massachusetts Department of Correction, seeking declaratory judgment and damages, against the above-named defendant, alleging, Inter-Alia, that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment for inadequate treatment of an injury assertedly sustained in a fight with another prisoner.

### II. JURISDICTION STATEMENT:

This Court has jurisdiction over the plaintiff's claims of violations of his federal constitutional rights under 42 U.S.C.A § 1983 Et Seq. and this Court has supplemental jurisdiction over

both, the plaintiff's state law claims and state constitutional claims, as the plaintiff also invokes the pendent jurisdiction of this Court.

---

### III. PARTIES:

---

1. The Plaintiff, **Ruben Alberto**, is a state prisoner currently incarcerated at Souza-Baranowski Correctional Center (hereinafter "SBCC"), Post Office Box 8000, Shirley, Massachusetts [01464], and was a prisoner incarcerated at Old Colony Correctional Center (hereinafter "OCCC") at Bridgewater, Massachusetts [    ] at all times relevant to the hereinafter alleged events, was so confined at "OCCC", a Correctional fACILITY WITHIN THE Massachusetts Department of Correction (hereinafter "DOC" where it's headquarters are located at 50 Maple Street, Milford, Massachusetts [01757].

2. Defendant, **Massachusetts Department of Correction** ("DOC"), is a Massachusetts Governmental Agency whose headquarters is located at 50 Maple Street, Milford, Massachusetts [01757]. "DOC" is responsible (through it's Commissioner) for the overall department, it's employees, polocies, prisoners and etc.

3. Defendant, Doctor **Fredrickson**, is a liscensed surgeon whom treated the plaintiff at the Brockton Hospital, within the towm of Brockton, Massachusetts, 680 Centre Street, Brockton, Massachusetts [02302].

4. Defendant, **Brockton Hospital**, is a medical institution located at 680 Centre Street in Brockton, Massachusetts [02302].

---

### IV.  INTRODUCTORY STATEMENT:
---

5. This instant complaint is brought by a Massachusetts "DOC" prisoner, **Ruben Alberto** (hereinafter "The Plaintiff", against certain agents ("DOC" itself) as well as an individual doctor and the Hospiatl in which "The Plaintiff" was treated.

6. Although the doctor was serving under his individual capacity, he was in concert with the Massachusetts "DOC" and the "Brockton Hospital".

---

### V.  STATEMENT OF FACTS:
---

THE RECORD IN THIS INSTANT CASE REFLECTS THE FOLLOWING:

7. That, On July 1, 2003 at approximately 9:29 am the plaintiff and another prisoner were involved in a fight within the prison yard.

8. That, the fight mentioned within paragraph 7 of this complaint happened at the "OCCC" a level 5 security level, in

Bridgewater, Massachusetts.

9. That, an "Incident Report" was filed by a Correctional Officer, Kris Verrier (see Exhibit "A") relevant to the fight as mentioned within paragraphs 7 and 8 of this complaint.

10. That, an "Incident Report" was filed by a nurse, C.Y. McLennan (see Exhibit "B") relevant to the fight as mentioned within paragraphs 7 and 8 of this complaint.

11. That, a "Disciplinary Report" was filed by a Correctional Officer, L. Cowen (see Exhibit "C") relevant to the fight as mentioned within pragraphs 7 and 8 of this complaint.

12. That, a "Consultation Request" was submitted (see Exhibit "D") relevant to the fight as mentioned within paragraphs 7 and 8 of this complaint.

13. That, an "Interagency Referral Report" was submitted (see Exhibit "E") relevant to the fight as mentioned within paragraphs 7 and 8 of this complaint.

14. That, due to the fight as mentioned within paragraphs 7 and 8 of this complaint "The Plaintiff" suffered, among other injuries, a tear on his left ear (bit of). (see Exhibit "D")

15. That, defendant "Fredrickson" operated on "The Plaintiff' (EAR) at the "Brockton Hospital".

16. That, despite a piece of ear that was put in ice by an agent of the Massachusetts "DOC" (Correctional Officer at "OCCC") and brought to the Brockton Hospital with "The Plaintiff" the piece of ear was not used, therefore, leaving a visible less than complete ear/scar.

17. That, Defendant "Fredrickson" failed to furnish "The Plaintiff" with an adequate treatment of the injury assertedly sustained in the fight as mentioned within paragraphs 7 and 8 of this complaint.

18. That, "The Plaintiff" has not been able to do much of anything without feeling stressed about his look, such as, but not limited to: I.E. keep his hair short as he is accustomed to; have his children visit him (he does not want them to worry about him etc.); constantly feels that people are looking at him, therefore, he now has some kind of complex because of it etc.

### VI. CLAIMS FOR RELIEF

19. "The Plaintiff" realleges the facts mentioned within paragraphs 7 thru 18 of this complaint and state that the defendants jointly and individually, violated his rights, immunities and privileges, pursuant to 42 U.S.C.A. § 1983 Et Seq. as secured under the Eighth Amendment, for inadequate treatment of such mentioned herein this complaint, injury assertedly sus-

tained in the fight as mentioned herein this complaint.

---

### VII. PRAYERS FOR RELIEF:
---

**WHEREFORE:** "The Plaintiff" prays that this Honorable Court grant him the following relief:

Issue a **Declaratory Judgment** that the defendants have violated "The Plaintiff"s rights, immunities and privileges, pursuant to 42 U.S.C.A.§ 1983 Et Seq., as secured under the United States Constitution due to the Defendant's actions and/or lack of actions as mentioned within paragraphs 7 thru 18 of this complaint

Grant "The Plaintiff" in the Maximum amount allwed by law: **Compensatory General, Actual** and **Punitive Damages** against Defendants

Grant "The Plaintiff any and all further relief as this court may deem just and equitable and in the interest of justice and fairness, as he may be entitled to as a matter of law,

"The Plaintiff also demands a trial by jury.

Respectfully Submitted,
By and For The Plaintiff

Dated: ___/___/ 2005

*Ruben Alberto* (signature)
Ruben Alberto        pro se
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts 01464

## VIII. VERIFICATION DECLARATION

I, **Ruben Alberto** (Prisoner W-69752), hereby verify on oath according to law, that the following is truthful and accurate to the best of my personal knowledge and belief and observations of all facts, averments and exhibits (and attachments) as evidence and I aver that I am competent to testify to the same in open court if called upon to do so under oath and I have not made or offered this verified civil rights complaint with jury demand in bad faith or with malice and I sign this verification declaration under the pains and penalties of perjury, on this _____ day of _____, 2005.

Respectfully Submitted,
By and For the plaintiff

Dated: \_\_\_/\_\_\_/2005

_____
Ruben Alberto            pro se
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts 01464

Time: 9:30 am    Date: 7/1/03    Place Occured: OCCC MAIN YARD

Inmates Name (If Applicable): REUBEN ALBERTO / WILLIAM COTTO    Housing Unit: —
W-69752 / W-64465

Codes & Subjects: FIGHT IN MAIN YARD — WEAPONS
SHANK — WEIGHT BELT

From: CO I KRIS VERRIER    Department: OCCC 7-3 W/TH

AT THE ABOVE DATE AND TIME I CO KRIS VERRIER WHO IS ASSIGNED TO POST 132 TOWER #1 HEARD THE RADIO TRANSMISSION FROM TOWER #2 FIGHT IN THE YARD. IMEDIATLEY I OBSERVED INMATE WILLIAM COTTO WITH A WEAPON (SHANK) IN HIS RIGHT HAND ASSAULTING INMATE RUEBEN ALBERTO WHO WAS LYING ON THE GRASS USING HIS LEGS TRYING TO DEFEND HIMSELF AGAINST AT LEAST 15-20 STABBING ATTEMPTS BY COTTO. INMATE COTTO HEARD MYSELF ANNOUNCE ON THE P.A. TO BREAK IT UP IMEDIATLEY AT WICH TIME HE DISENGAGED FROM THE AREA. INMATE COTTO THEN RETREATED TO THE BACK OF THE HANDBALL COURT WHERE HE DISPOSED OF THE WEAPON (SHANK) IN THE SEWER MAN HOLE COVER HE ALSO REMOVED HIS OWN SHIRT TO DISGUISE HIMSELF.

THEN IN RETALIATION INMATE RUEBEN ALBERTO REMOVED HIS OWN WEIGHTLIFTING BELT WHERE HE PROCEEDED TO ATTACK INMATE COTTO NEAR THE HAND BALL COURTS AFTER SEVERAL SWINGS OF THE BELT BOTH INMATES —

Page 1 of 2

Distribution:
Copy to the Shift Commander Through Inner Control. Copies and distribution will be made by the Shift Commander.
Original to the Superintendent
Copy to the Deputy of Operations
Copy to the Deputy of Programs
Copy to the Director of Security

Signed: [signature]
Title: CO I

Exhibit "A"

e: 9:30/AM    Date: 7/1/03    Place Occured: OCCC MAIN YARD

Inmates Name (If Applicable): RUEBEN ALBERTA    WILLIAM COTTO    Housing Unit: _____
                              W-69752            W64465

Codes & Subjects: FIGHT IN MAIN YARD — WEAPONS
                  SHANK - WEIGHT BELT

From: CO1 KRIS VERRIER    Department: OCCC 7-3 W/TH

CAME TOGETHER WHERE SEVERAL FIST BLOWS WERE SHARED (EXCHANGED) BOTH INMATES FELL TO THE GROUND IN A CLENCH. AT WICH TIME EMERGENCY RESPONSE SEPERATED & REMOVED BOTH INMATES FROM THE YARD. THE MAIN YARD WAS THEN CLEARED, CLOSED, AND SECURED OF ALL INMATES.

*** NOTE: *** WITH THE EXCEPTION OF THE FIRST VOICE COMMAND I C.O. VERRIER GAVE NUMEROUS VOICE COMMANDS OVER THE BULL HORN (P.A.) SYSTEM TO BREAK UP THE FIGHT WHICH WAS IGNORED BY THE COMBATANTS.

END REPORT.

Page 2 of 2

Distribution:
Copy to the Shift Commander Through Inner Control. Copies and distribution will be made by the Shift Commander.
Original to the Superintendent
Copy to the Deputy of Operations
Copy to the Deputy of Programs
Copy to the Director of Security

Signed: [signature]
Title: CO.I

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## OLD COLONY CORRECTIONAL CENTER
### INCIDENT REPORT

TIME: 10:30 pm    DATE: 7-1-03    PLACE OCCURRED: _____

INMATE'S NAME: Alberto Ruben    HOUSING UNIT: _____
(If applicable)

CODES & SUBJECT: _____

FROM: C. McLellan NP    DEPARTMENT: _____
Employee's Name/Title

Brought to HSU from Yard S/P Altercation/Assault. NO LOC – Ambulatory. BP 110/62 – 130/16. Diaphoretic. HEENT – Avulsion @ R eye c̄ mod. cont. of bleeding. Multiple superficial P.W. to R extremities. Pupil S & R upper ext – OB S/Sx. S/A Avulsion @ R eye. Multiple P.W. extremities. P.O. Ngo Brockton OL

Page 1 of 3

DISTRIBUTION: 1 copy to the Shift Commander through Inner Control. Copies and distribution will be made by the Shift Commander. Original to Superintendent. Copies to:
- Deputy of Operations
- Deputy of Programs
- Director of Security

SIGNED: [signature]    TITLE: NP

Exhibit "B"

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## OLD COLONY CORRECTIONAL CENTER
### DISCIPLINARY REPORT

Date: 7-1-03

D-Report #: 03-0987

Inmate: Ruben Alberto

I.D. #: W-69752

Housing Unit: A-II

Offense: 1#, 2, 15#, 8#, 18#, 32#, 33#

(1) Disobeying an order of, lying to, or insolence toward a staff member.

(2) Violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program.

(8) Conduct which disrupts or interferes with the security or orderly running of the institution.

(15) Possession, manufacture, or introduction of a gun, firearm, explosive, ammunition, weapon, sharpened instrument, knife or tool.

(18) Fighting with, assaulting, or threatening another person with any offense against his person or property.

(32) Violating any law of the COMMONWEALTH OF MASSACHUSETTS or the UNITED STATES.

(33) Attempting to commit any of the above offenses, making plans to commit any of the offenses or aiding another to commit any of the above offenses shall be considered the same as the commission of the offense itself.

Major: ✓

Minor: ....

Referred to DDU Special Hearing Officer: ....

Referred to District Attorney: ....

**Description of the Offense**

On July 1, 2003 at approximately 9:29 am, I C/O Lisa Owen while on post 133 (Tower 2#), did observe inmates (William Cotto) and (Ruben Alberto) fighting near the handball court. I called into 150 (via radio) upper control, "We have a fight main yard". I then gave a direct order (via bullhorn) for both inmates to stop fighting, which they ignored and proceeded to still fight. They then broke up and went separate ways. Approximately 30 seconds later, inmate (Ruben Alberto) went after inmate (William Cotto) with a weight belt in his right hand, and proceeded to strike him approximately 5 times in his upper torso area. I then gave another direct order (via bullhorn) to stop fighting, by then uniformed staff arrived and separated both inmates. Both inmates were handcuffed and escorted out of main yard by responding staff. The main yard was then secured per Shift Commander Cpt Gordon, no further incident.

Reporting Officer Sign: C/O L. Owen

Title/Shift/Days Off: C/O 7-3 Fri-Sat

Shift Commander: Paul Gudra 7-1-03

D-Officer: [signature]

Disposition: ....

Results of Appeal: ....

Page ... of ...

Exhibit "C"

# UMass Correctional Health Program
## Consultation Request

Last TD unknown

- O Off-Site  Brockton ER
- O Specialty Clinic
- O On-Site Clinic:
- O Emergency
- O Ambulance

Reference Number:

Inmate: Alberto Ruben   Inmate ID: W69252   DOB: 4-29-65
Facility: ___   Cost Center: ___   Incarceration Date: ___
                                    Estimated Release Date: ___
Procedure/Test/Specialty Requested: ___   Provider: ___

**Presumed Diagnosis:** Avulsion ® ear, Multiple PW   ICD Code:

**Supporting Symptomatology:**
37 yr old male assaulted in yard
yest aso - presents c̄ avulsion ® ear,
multiple PW extremities and ® upper back.

**Exam Data:**
BP 110/60  P 120  R 16  98% O2 sat
Alert, oriented, mildly diaphoretic. No LOC
Absent - avulsion ® ear - upper auricle
PPPPI both extremities

[anatomical diagram with PW annotations, ear diagram labeled L]

**Current Medication / Failed Outpatient Therapies:**

**Other Diagnoses / Alerts:** Asthma    PW buttock/hip

**Exclusion from Approved Procedures:**

Exhibit "D"

**Comments:**
Multiple superficial puncture wounds extremities
Last TD unknown

Referring Clinician: ___   Signature: ___   Date: 7-1-03

For security reasons, inmates must NOT be informed of date, time, or location of proposed treatment or possible hospitalization. Authorization and payment is provided ONLY for requested procedures or treatments of life-threatening conditions. Prior approval of UMCH State-wide Medical Director is required for additional procedures or hospitalization.

# BROCKTON HOSPITAL
## DEPARTMENT OF EMERGENCY SERVICES
### (508) 941-7400

## INTERAGENCY REFERRAL REPORT

Exhibit "E"

Patient's Name: Ruben Alberto          Date: 7-1-03

Referred to: Old Colony Correctional Facility

History, Physical Exam, Laboratory Results: Closed head injury
Avulsion Lt Pinna
multiple [illegible] punctures
Lt thigh, Rt thigh D/C'd well
Laceration Lt bicep D L&D/glued

Treatment: wounds plastic repair Lt ear DT [illegible]
see enclosed.
Puncture unchanged left open to drain
Lt Brow repaired
Keflex 500 po q10 x 5 days
Tylenol 15u q4-6 prn pain

☐ Patient is medically cleared for transfer

Diagnosis: Wound ~ 48°
Sutures out 7 [illegible] (1-866-[illegible])

Follow-up Instructions: _____

DONALD KERN MD
7-2-03

Exhibit "E"                                        Signature